ROBERT L. BLAND, Judge.
The Wellsburg American Legion Post, sponsoring a baseball field which it maintained near the southern corporate limits of the city of Wellsburg, on the Wellsburg-Bethany Pike, in Brooke county, West Virginia, entered into an arrangement with a representative of the state road commission whereby it was permitted to borrow from said commission a road scraper, for the purpose of scraping and leveling the said baseball field. No consideration was paid by the legion post to the road commission for the use of said scraper, but it was stipulated and agreed that when the said scraper was to be employed on the work of said baseball field it should be operated by an employe or servant of the commission, who was acquainted with that particular piece of machinery. Accordingly, on the nineteenth day of April, 1947, the said scraper was operated on the baseball field by one Nolan Green, an employe of the commission. However, the nineteenth of April, 1947, *146 fell on a Saturday, a time when the said Green was not on duty for the road commission, but acting wholly on his own account and responsibility. For the service rendered by him on that day in operating the scraper he was paid by the Wellsburg American Legion Post the sum of eight dollars by check drawn on a Wellsburg bank by J. K. Taylor, an official of the post, which said check was -duly cleared and is filed and made a part of the record in this action.
During the time that said scraper was being operated on said baseball field a number of young folks who had congregated at the scene of the work climbed upon the scraper from time to time. One of these youths was Donald Lee Hartley. He was past seventeen years of age, six feet tall and weighed one hundred and eighty pounds. He had, prior to the nineteenth day of April, 1947, been in the employ of the state road commission and had also worked 'in Ohio for a period. The evidence offered in support of the claim upon the hearing clearly showed that he was a young man of understanding and discretion, fully capable of appreciating the danger to which he was subjected in riding upon the scraper. He fell, or was thrown, from said scraper and sustained injuries which resulted in his death. Claimant John R. Hartley, father of the deceased, was duly appointed and qualified as administrator of the personal estate of his said intestate. By the claim prosecuted by him in this court he seeks an award of $10,000.00. His said claim is prosecuted upon the theory that the said scraper, during the time it was employed in service on said baseball field by said Nolan Green, was being operated by the said Green within the scope of his authority and that there was such negligence on his part as would render the state responsible for the accident and death of claimant’s said intestate.
We have duly considered the evidence offered for and against the claim in question, and are of opinion that the theory upon which the said claim is prosecuted cannot be sustained. In Blashfield’s Cyclopedia of Automobile Law *147 and Practice, volume 5, section 3005, at page 129, this pertinent authority is stated:
“The test, therefore, for determining whether the owner of an automobile is liable to strangers for the wrongful and negligent acts or omissions of his servant in operating the machine is whether the servant, at the time of the accident, was engaged in furtherance of the master’s business or enterprise concerning which he was employed and acting within the scope of his employment.”
We readily concede that the general rule of agency is that the principal is liable civilly for the tortious acts of his agent which are done in the scope of the agent’s employment. In the instant case, however, it is very clear to our minds that the said Nolan Green, at the time the accident occurred, was not acting within the scope of his employment as an employe of the state road commission. No essential purpose would be subserved by a further discussion of the record. The claim is not one for which the Legislature would be warranted in making an appropriation of the public revenue.
An award is therefore denied and the claim dismissed.